# EXHIBIT 1

*Greene, et al.* v. United States Postal Service     **Civil Action No. 3:17-CV-00026**
*Slavin, et al.* v. United States Postal Service      **Civil Action No. 3:17-CV-00134**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and among all opt-in Plaintiffs of the conditionally certified collective actions captioned as *Greene, et al. v. United States Postal Service*, Civil Action No. 3:17-CV-00026 ("*Greene*") and *Slavin, et al. v. United States Postal Service*, Civil Action No. 3:17-CV-00134 ("*Slavin*") who execute Schedule A ("Plaintiffs") and the United States Postal Service ("Defendant").

WHEREAS, on January 13, 2017, seventeen (17) named Plaintiffs filed *Greene* on behalf of themselves and all other similarly situated mail carriers working at the Richmond Main Post Office and four substations, Saunders, Capital, Bellevue, and Northside, seeking to recover certain unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA");

WHEREAS, on February 13, 2017, thirty-nine (39) named Plaintiffs filed *Slavin* on behalf of themselves and all other similarly situated mail carriers working at Postal Service Branches and Stations in metro Richmond, excluding the Richmond Main Post Office and its four substations, also seeking to recover certain unpaid wages pursuant to the FLSA; and

WHEREAS, four hundred sixty-seven (467) individuals, including the original named Plaintiffs, filed timely opt-in consent forms indicating their intent to be included as Plaintiffs in either, or both of, *Greene* and *Slavin*;

WHEREAS, Defendant has denied, and continues to deny, any liability to Plaintiffs; and

WHEREAS, all parties to this Agreement (collectively, the "Parties") wish to resolve, fully and finally, the differences between them regarding all claims asserted in *Greene* and *Slavin*.

NOW, THEREFORE, it is agreed as follows, in exchange for the good and valuable consideration set forth herein:

1. <u>Approval and Consent to Magistrate Jurisdiction</u>: The Parties agree to jointly request Court approval of the settlement described in this Agreement. To the extent permitted by the Court, the Parties consent to the authority of any Eastern District of Virginia United States Magistrate Judge for the purposes of review and approval of this settlement and for entry of appropriate orders in furtherance of this Agreement, including, but not limited to, entry(ies) of dismissal of all claims in *Greene* and *Slavin*.

2. <u>Settlement Payment</u>: On or before May 23, 2018, Plaintiffs' counsel shall be responsible for securing signed releases (i.e., signed Schedule A's) (hereinafter referred to as "Individual Release") from each Plaintiff.

(a) The total gross amount of payment to be made, excluding attorneys' fees, shall be no more than $228,668.54.

(b) On or before April 17, 2018, Plaintiffs' counsel shall deliver to Defendant's counsel a schedule of gross settlement amounts payable to each Plaintiff.

(c) Within 30 business days of the Order approving settlement, Defendant shall deliver individual and agreed upon settlement checks directly to all Plaintiffs at their last known address or the addresses requested by Plaintiffs through counsel.

(d) Each check issued by Defendant shall contain the legend that it must be cashed or deposited no later than 90 days after the date of the check. Any check not cashed or deposited within that time, or averred by its intended recipient to have not been received, shall be canceled and reissued upon request of Plaintiffs' counsel. Such request must be made within one year of the Order approving settlement.

(e) Each check shall be made payable to an individual Plaintiff, in the amount shown in their individual Schedule A and the Schedule B, attached hereto, less all required tax withholdings. Defendant shall issue a form W-2 to each Plaintiff in an amount equal to one-half of each Plaintiff's total payment and shall issue a Form 1099, with the "Other Income" (currently Box 3) selection checked, in an amount equal to one-half of each Plaintiff's total payment (give or take a penny if a gross total is an odd number).

(f) Within 30 business days of the Order approving settlement, Defendant shall issue a separate check to Plaintiffs' counsel, in the amount of $170,969.34 in full satisfaction of all claims for Plaintiffs' attorneys' fees and litigation/administrative costs in *Greene* and *Slavin*. The check shall be made payable to the following:

>    Butler Royals, PLC
>    140 Virginia Street, Suite 302
>    Richmond, Virginia 23219

Plaintiffs' counsel shall provide an IRS Form W-9 for the payee law firm above, and Defendant shall issue appropriate Form 1099(s) with respect to such payment.

(g) The Parties agree that they will work together as necessary to extend any of the dates listed in this Agreement to the extent doing so will help to facilitate an orderly settlement and resolution of this matter.

(h) Any payment due under this Agreement is contingent upon the Court approving this Agreement.

3. <u>Co-Plaintiff Settlement Amounts</u>: Neither Defendant, nor Counsel for either party, shall inform any Plaintiff of other Plaintiffs' specific settlement allocations, except to the

extent such allocations are made public or disclosure is required by the Court or pursuant to federal, state or local law. Thus, Plaintiffs shall not be shown Schedule B. Rather, each individual Plaintiff will be made aware of only his or her gross settlement amount. The Parties further agree that, to the extent permitted by the Court, that if Schedule B is publicly filed, such filing shall be redacted such that names of each Plaintiff are redacted so that it cannot be known which Plaintiff received which amount. Each Plaintiff's gross settlement amount will be provided to him/her in a form substantially similar to the form attached hereto as Schedule A.

4. Possibility of Rejecting and/or Missing Plaintiffs: In the event Plaintiffs' counsel is unable to secure signed Individual Releases from 100% of the Plaintiffs by May 23, 2018, Plaintiffs' counsel will dismiss without prejudice each Plaintiff that rejects their individual settlement allocation or is non-responsive (the "Rejecting/Missing Plaintiffs") within 10 business days of the Order approving settlement. In the event a Rejecting/Missing Plaintiff is dismissed without prejudice, the Parties agree that the claims of the Rejecting/Missing Plaintiffs under the FLSA shall be tolled for sixty (60) days from the date of dismissal, and any subsequent filing by such a Rejecting/Missing Plaintiff under the FLSA made within sixty (60) days of their dismissal will relate back to the date their consent to opt-in was filed in *Greene* and/or *Slavin*.

In the event a Rejecting/Missing Plaintiff is dismissed, all Schedule A and B allocations attributable to such Rejecting/Missing Plaintiff shall revert to Defendant with no reduction(s) to any other amounts other than Section 2(a), above.

5. Dismissal of Claims: Following approval of this Agreement by the Court, Plaintiffs promise and represent that they will withdraw, with prejudice, all claims in *Greene* and *Slavin* as well as any other complaint, charge, lawsuit, or other internal or external action related to *Greene* or *Slavin*. Plaintiffs agree that they will not accept any money from any other currently existing internal or external administrative or judicial complaint, charge, lawsuit, claim, demand, appeal, grievance, or action based on *Greene* or *Slavin*.

6. Release: Through the date of this Agreement and Release, Plaintiffs shall, jointly and severally, further agree to release Defendant, of and from any and all known or unknown claims, causes of action, liability, and damages arising out of or relating to the payment or non-payment of wages and/or overtime wages by Defendant resulting from any allegation or claim in *Greene* or *Slavin* occurring within the three years prior to their joining the Litigation. By signing his or her release, Plaintiffs are waiving any claims that they, or any one of them, have/has or may have against Defendant and each of its officers, employees, attorneys, and all other related or affiliated persons, firms or entities. This includes all claims, rights, and obligations pertaining to the allegations and claims in *Greene* and *Slavin*, arising under the FLSA as well any and all other federal, state and local statutes, cases, authorities or laws (including common law) providing a cause of action that may be the subject of a release for the claims and allegations in *Greene* and *Slavin* under applicable law. Nothing in this settlement and release shall be construed to waive any claims or rights that may not be waived as a matter of law or which are not within *Greene* and *Slavin*.; however, the Plaintiffs agree to waive, to the maximum extent permitted by law, any right to recover a monetary award or other individual relief regarding any claims, causes of action, liability, and damages arising out of or relating to *Greene* or *Slavin*.

3

Nothing in this Release will affect the ability of any party to enforce rights or entitlements specifically provided for in this Agreement.

7. <u>Signatures and Counterparts</u>: Facsimile or emailed signatures shall have the same power and effect as original signatures with regard to this Agreement and the Individual Releases. This Agreement may be executed independently and separately (i.e., in counterparts) by the respective Parties. If executed in counterparts, each counterpart shall be deemed to be an original, and said counterparts together shall constitute one and the same Agreement.

8. <u>Governing Law</u>:  This Agreement shall be governed by the laws of the Commonwealth of Virginia without regard to choice of law principles. The Parties agree that any action to enforce this Agreement shall be brought in an appropriate Federal court located in Richmond, Virginia, and specifically agree to jurisdiction of such court and venue in such court.

9. <u>Entire Agreement</u>:  This Agreement constitutes the entire agreement between Plaintiffs and Defendant with respect to the resolution of *Greene* and *Slavin*, and specifically supersedes any previous agreements or representation between the parties. This Agreement shall inure to the benefit of any successor to Defendant, or in the event of any individual Plaintiff's death, to his/her estate.

10. <u>Compromise of Disputed Claim and Bar upon Use in Subsequent Proceedings</u>: The Parties hereto agree that the present Agreement constitutes the compromise and settlement of *Greene* and *Slavin*, and that Defendant has denied and continues to deny any and all liability to Plaintiffs, including, but not limited to, any claim of a "willful" violation of either federal or state law. This Agreement and any conduct and statements made in compromise negotiations between the Parties shall be inadmissible in any further proceeding save for a proceeding over the alleged breach of the present Agreement.

11. <u>Fair and Reasonable Settlement</u>: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of *Greene* and *Slavin*. The Parties also agree that there was no undue influence, duress, overreaching, collusion or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

12. <u>Release of Litigation Hold</u>:  The Parties agree that if the Court approves this Agreement, there is no longer a reasonable anticipation of litigation involving any matter arising from or related to Plaintiffs' claims in *Greene* or *Slavin*. The Parties therefore agree that the Agency may release any existing litigation holds that arise from, or are related to, Plaintiffs' claims in *Greene* or *Slavin*.

4

APPROVED AS TO FORM FOR RECOMMENDATION TO PLAINTIFFS AND FOR COURT APPROVAL

Date: 4/17/18

Harris D. Butler, III, Esq.
Zev H. Antell, Esq.
Paul M. Falabella, Esq.
Butler Royals, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 648-6814


APPROVED AS TO FORM FOR RECOMMENDATION TO DEFENDANT AND FOR COURT APPROVAL:

Date: 4/17/18

Jonathan H. Hambrick
Supervisory Assistant U.S. Attorney
Eastern District of Virginia
919 East Main Street, Suite 1900
Richmond, VA 23219

5

United States Postal Service

Date: 04/18/2018          By: /s/ Linda M. Malone

Its:   Linda M. Malone
       Area Vice President
       Capital Metro Area
       United States Postal Service
       900 Brentwood Road, NE
       Washington, DC  20066-1500

6